| | |
|---|---|
| RAYMOND L. WHEELER (CA SBN 52886)<br>CHRISTINE E. LYON (CA SBN 205781)<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, California  94304-1018<br>Telephone: 650.813.5600<br>Facsimile: 650.494.0792 | *E-filed 7/26/05* |

Attorneys for Defendant
SEAGATE TECHNOLOGY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISTOPHER KILGORE,<br><br>               Plaintiff,<br><br>   v.<br><br>SEAGATE TECHNOLOGY LLC,<br><br>               Defendant. | Case No.   C05 00981 HRL<br><br>**[PROPOSED] ORDER RE: CONFIDENTIALITY STIPULATION**<br><br>Action Filed:  March 8, 2005 |

Pursuant to Fed. R. Civ. P. 26(c) and the agreement of the Plaintiff and Defendant (collectively "the parties"), the Court orders as follows:

1. Any party may designate as "CONFIDENTIAL" any document produced for inspection and copying or any other document disclosed, served, filed or given under oath in this action (including, without limitation, answers to interrogatories, answers to requests for admission, and transcripts of depositions), or any part thereof, at the time of production, disclosure, service, copying, filing, or signing with the word "CONFIDENTIAL" or, if inadvertently produced without such legend, or, if produced by a third party, by promptly furnishing written notice to the receiving party that information shall be CONFIDENTIAL under this Protective Order.

1       A.      In exercising the right to designate a document a CONFIDENTIAL
2  document, the parties agree to proceed in good faith.  A party shall not designate a document as
3  CONFIDENTIAL unless it is of a private or confidential or proprietary nature deserving of such
4  protection.  Except as may be otherwise provided by this Order or by further order of the Court or
5  further stipulation of the parties, documents designated as CONFIDENTIAL, as well as the
6  matters contained therein, and extracts and summaries thereof containing confidential
7  information, shall be used for no purpose other than prosecuting or defending any legal claims
8  between the parties.
9       B.      Access to any CONFIDENTIAL documents, or any part thereof, as well as
10 to the matters contained therein, shall be limited to:  (i) the judiciary, its employees and its agents,
11 including jurors; (ii) the parties and the officers, employees and agents of the parties who have a
12 reasonable justification to view the CONFIDENTIAL material; (iii) the attorneys for the parties,
13 their associates, assistants and agents; (iv) consultants and experts involved in the preparation of
14 this litigation for each party; (v) court reporters, their transcribers, assistants and employees;
15 (vi) authors, subjects, and recipients of CONFIDENTIAL documents; and (vii) potential
16 witnesses.
17      C.      Individuals and entities, other than the parties, their attorneys, associates
18 and agents, permitted access by the parties' attorneys, pursuant to paragraph 1(B) above, to
19 CONFIDENTIAL documents, or parts thereof, are hereby ordered not to show, convey or
20 reproduce any such documents, or any parts thereof, or any matters contained therein, or any
21 extracts or summaries thereof, to any individual or entity who would not otherwise have access to
22 CONFIDENTIAL documents under the provisions of this Order.
23    2.   Counsel for each party shall insure that any person who makes a declaration or
24 testifies on behalf of that party, or assists in any way in the preparation of that party's case shall
25 have access to CONFIDENTIAL material only after being informed of the provisions of this
26 Order and after agreeing to be bound by it.
27    3.   In the event that any party submits to the Court any document which has been
28 designated as CONFIDENTIAL, the party submitting the CONFIDENTIAL documents shall

[PROPOSED] ORDER RE CONFIDENTIALITY STIPULATION
C05 00981 HRL
pa-994348

2

1  apply to the Court for an order allowing the CONFIDENTIAL documents to be filed under seal,

2  pursuant to Civil Local Rule 79-5, unless the party who designated the material as

3  CONFIDENTIAL stipulates in writing that said documents do not need to be filed under seal.

4      4.    Parties submitting purportedly CONFIDENTIAL information to the Court shall

5  endeavor in good faith to restrict their filings or other submissions to CONFIDENTIAL

6  information that is reasonably necessary for the Court to consider in connection with the issue or

7  matter for which the CONFIDENTIAL information is submitted.

8      5.    The execution of this Order, and the entry of a protective order pursuant hereto,

9  shall not, in itself:

10      a.    constitute a waiver of any party's right to seek at a future time relief from

11  the Court, such as an order restricting access to specific documents designated as

12  CONFIDENTIAL documents to a more limited group of individuals or entities than defined in

13  paragraph 1(B) above, or granting access to specific documents designated as CONFIDENTIAL

14  documents to specific individuals; or

15      b.    preclude any party from (i) claiming that any document or matter

16  designated hereunder is not entitled to the protections of this Protective Order, (ii) applying to the

17  Court for an Order permitting disclosure or use of information or documents otherwise prohibited

18  by this Protective Order, or (iii) applying for an Order modifying this Protective Order in any

19  respect; or

20      c.    constitute a waiver of any objection to any discovery request; or

21      d.    be construed as an admission or agreement that any document designated

22  as a CONFIDENTIAL document, in fact, is confidential, or contains sensitive information, or

23  otherwise is entitled to any protective relief whatsoever; or

24      e.    control the disclosure of CONFIDENTIAL information at trial (a matter

25  which the parties will resolve, if necessary, through a pre-trial order).

26      6.    If any party claims that any matter designated hereunder is not entitled to the

27  protections of this Protective Order, that party may serve on the designating party an objection to

28  the designation. Such objection(s) may be served by facsimile and will be deemed received one

1  day after the objection is sent via facsimile.  After service of the objection, the parties shall meet
2  and confer regarding the objection.  If the parties are unable to reach agreement concerning the
3  designation of the matter, then the party requesting removal of the designation may file and serve
4  a motion for an order from the Court directing that the designation of the matter be removed
5  and/or modified.

6        7.      The terms of this Protective Order are applicable to CONFIDENTIAL information
7  submitted or produced by a non-party, and such information produced by a non-party in
8  connection with this litigation is protected by the remedies and relief provided by this Protective
9  Order.  A non-party providing information to all the parties through either formal or informal
10 discovery means shall (a) have the same right as a party to designate any such information under
11 this Protective Order, and (b) shall have the standing to enforce the terms of this Protective Order
12 with respect to disclosure and use of that non-party's designated information.

13       8.      At the conclusion of litigation between the parties, every CONFIDENTIAL
14 document disclosed in this action, whether or not filed, or identified as an exhibit in the
15 proceeding shall be returned within thirty (30) days after the conclusion of the litigation, upon
16 written request from the party which designated it CONFIDENTIAL.

17       9.      The parties retain the right to designate as CONFIDENTIAL those documents they
18 disclosed, produced or received prior to entering into this Stipulated Protective Order.

19       IT IS SO ORDERED.

20 Dated:  __7/26/05__ , 2005

22       /s/ Howard R. Lloyd
23       U.S. District Court Magistrate Judge

[PROPOSED] ORDER RE CONFIDENTIALITY STIPULATION
C05 00981 HRL
pa-994348

4